IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LOREN PERNELL DOCK, #168 671, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:11-CV-968-TMH |
| | ) | [WO] |
| WARDEN BOBBY BARRETT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a petition for habeas corpus relief filed by Loren Dock on November 15, 2011. Petitioner challenges his current placement in "lock-up" at the Kilby Correctional Facility ["Kilby"].

Upon review of the petition, the court concludes that the instant habeas corpus action should be summarily dismissed without prejudice. *See* Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts*.

**I. DISCUSSION**

In May 2010, while incarcerated at the Mobile Metro Jail, Petitioner was disciplined for fighting. He was placed in lock up and "did [his] time." It appears Petitioner was subsequently released from jail but now has been returned to prison and is currently housed at Kilby in "lock-up." Petitioner complains that he is in lock-up at Kilby as a result of the disciplinary action he received at the Mobile Metro Jail. Doc. No. 1.

Petitioner cannot challenge his placement in segregated confinement in the present

habeas corpus action. A petition for writ of habeas corpus is the appropriate means for a prisoner to challenge the fact or duration of confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 499-500 (1973). A civil rights action, on the other hand, is the appropriate vehicle for an inmate seeking to challenge matters associated with the conditions of confinement. *Id*.

To determine whether a prisoner must pursue habeas corpus relief rather than a civil rights action, the court must consider whether the prisoner challenges the fact or duration of his confinement, or merely the rules, customs, and procedures affecting the conditions of his confinement. *See Kruger v. Erickson,* 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*) ("[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy"). If "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release," the appropriate vehicle by which an inmate may pursue his rights with respect to challenges to the conditions of his confinement is through a properly filed civil rights proceeding. *See Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir. 1995).

In this case, there is no indication that Petitioner's current housing assignment operates to extend the duration of his confinement, but rather, only affects the conditions of his confinement. Accordingly, to the extent Petitioner attempts to challenge his placement in segregated confinement at Kilby, his claims cannot be considered here.[1]

---

[1] As pointed out, Petitioner's challenge to the constitutionality of his segregated confinement (or other disciplinary concerns that do not affect the ultimate duration of his confinement) is more appropriately filed as a complaint under 42 U.S.C. § 1983. Petitioner is advised, however, that, in general, an inmate's placement in segregation, disciplinary or administrative, normally does not implicate his federal

In light of the foregoing, the court concludes that the petition for habeas corpus relief should be dismissed without prejudice.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Loren Dock be DISMISSED without prejudice.

It is further

ORDERED that on or before **December 2, 2011**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en

---

constitutional rights.  *See  Sandin v. Conner,* 515 U.S. 472, 486 (1995) (prison regulations on confinement of inmates do not create a liberty interest enforceable in a § 1983 action as such normally does not constitute the type of "atypical and significant hardship" that is needed to support a prisoner § 1983 claim).

banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 18th day of November, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE